THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS MANUEL DEL VALLE, Defendant and Appellant.

No. CR-64-245.      Decided November 5, 1964.

*Eugenio Ramos Ortiz*, counsel designated by the Supreme Court on appeal to give legal aid to defendant. *J. B. Fernández Badillo, Solicitor General*, and *J. F. Rodríguez Rivera, Assistant Solicitor General*, for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The district attorney charged appellant with an offense of robbery consisting in that early in the morning of May 29, 1963, in Yauco, Puerto Rico, he seized the sum of $90 belonging to Francisco Cruz Bracero which he took from his person against his will and by means of force, violence and intimidation. A jury found him guilty of that offense and he was sentenced to serve from three to six years in the penitentiary.

The prosecution evidence consisted of the testimony of the aggrieved party and of the police officer who arrested defendant. The aggrieved party, Francisco Cruz Bracero, testified that on the evening of May 28, 1963, he saw the defendant in a *cafetín* of Buena Vista Street, corner of Pasarell, of Yauco, where the witness arrived around 9:00 p.m.; that the witness stayed there talking until around 11:00 p.m. and took two small shots; that when they closed the *cafetín* the 8 or 10 persons who were there left and sat on the stairway of a front establishment and remained until 11:30 p.m., when all of them retired except the witness and the defendant; that they stayed there until 2:00 a.m. enjoying the fresh air but without talking to each other. The district attorney asked him if anything happened and he answered:

"Yes, when I was ready to go home, that I stood up, the young man (referring to defendant) gave me a hard push and I fell dazed to the pavement; then he put his hand in my pocket and took a black wallet containing $90, one $5 bill and the remainder $1 bills.
"Where did that money come from?
     From the business.
Your notions business?
     Yes, sir.
If he gave you a hard push, how do you know that he put his hand in?
     Because it happened rapidly, I was stunned.

So, you did not pass out completely?

No, dazed.

Could it not have been another person who put his hand in?

No, he himself did it because I saw him when he was going at a distance.

You saw him when he was going at a distance?

Yes, sir, when he was going as from here to that column.

When he put his hand in your pocket, did you see him?

I felt him taking the wallet.

The Court:

Who took it?

He took it, a black wallet."

The witness further testified that after he recovered he proceeded to his house in the same town of Yauco and that he did not go to the police until the following day because his head ached; that although he was dazed he saw the defendant taking his wallet and continued to see him as he moved away from the place; that although he recovered immediately from the blow he did not pursue the defendant. He denied that both he and the defendant were in a drunken condition and also that they imbibed liquor while they were on the stairway.

Police officer Rómulo Alvarado arrested the defendant about 10 or 12 days after the occurrence of the facts. He did not witness them.

The defense evidence consisted in the testimony of defendant himself. He testified that the night of the occurrence he was returning from the movies, saw Cruz Bracero and other persons with a bottle; that he invited Cruz to have a drink and they continued drinking there; that Cruz Bracero was talking boisterously, he reprimanded him, and Cruz Bracero got up and struck him; that he tried to defend himself. He testified further: "When he fell, since he is stronger than I, I ran but I never took any money from him." He testified further that he knew Cruz Bracero and that they greeted each other, that that man knew the wit-

ness' brothers and parents; that his relation with Cruz Bracero had always been cordial.

In this appeal appellant assigns the commission of several errors, the first of which refers to the omission of the trial court to transmit instructions to the jury on the minor offenses included in that of robbery.

██ It is true that defendant did not request such instructions, and that on repeated occasions we have held that a defendant who does not request an instruction from the court on a particular question cannot allege as error the ommission of such instructions. *People* v. *García*, 78 P.R.R. 379 (1955); *People* v. *Cirino*, 69 P.R.R. 488 (1949); *People* v. *Díaz*, 63 P.R.R. 948 (1944). We have also held that where the court, at the close of its instructions to the jury, asks the attorney for the defense (as it did in this case) whether he desires special instructions and he answers that he does not and fails to raise objection, even in a general way, to any of the instructions given, he waives any errors which do not impair his fundamental rights. *People* v. *Negrón*, 79 P.R.R. 279 (1956). Deficient instructions which do not prejudice the substantial rights of defendant do not warrant reversal. *People* v. *Lampón*, 78 P.R.R. 102 (1955). We have established the general rule that ordinarily the defendant should request special instructions or take exception to those transmitted in order that he may raise successfully, on appeal, the error in the omission of the special instructions or that those transmitted were erroneous. We have made an exception to this general rule whenever the error impairs the substantial rights of defendant. *People* v. *Rodríguez*, 70 P.R.R. 21 (1949); *People* v. *Baerga*, 70 P.R.R. 85 (1949); *People* v. *Lampón*, *supra*; *People* v. *Rosado*, 78 P.R.R. 416 (1955); *People* v. *Alsina*, 79 P.R.R. 44 (1956).

In this case the judge instructed the jury that they could only bring two possible verdicts, guilty or not guilty

of the offense of robbery. He did not transmit instructions on any of the minor offenses embraced within the offense of robbery.

■ ■ In *People* v. *Gómez*, 71 P.R.R. 764 (1950), we said that when it is alleged in an information that the taking was accomplished by means of force, the defendant may be convicted of assault and battery in one of its two degrees, because the lesser offense is included within the crime charged. See, also, *People* v. *Rivera*, 89 P.R.R. 444 (1963), where we said that the offense of larceny is included in that of robbery. Although the prosecution evidence tended to show that appellant gave a hard push to the aggrieved party throwing him to the pavement and then took his wallet from his pocket, which would establish a taking by means of violence, the defendant's theory and his evidence was to the effect that defendant and the aggrieved party engaged in a fight, and then when the latter fell to the ground the former ran away for fear of a greater aggression by his adversary, and that he never took his wallet from him. Under the defense theory a verdict of guilty of assault and battery against defendant was not proper, since he denied being the aggressor. A verdict of guilty of larceny was not proper either because he denied the taking the wallet, and by the same token a verdict of guilty of attempt to commit robbery was not proper either. Under the defense theory, if believed, a verdict of acquittal and none other was proper.

■ ■ In his instructions to the jury the judge should include all legal questions which, under any reasonable theory, might be involved in the deliberations, provided, however, that the evidence so warrants. *People* v. *Burgos*, 76 P.R.R. 187 (1954); *People* v. *Jiménez*, 78 P.R.R. 7 (1955). However, in this case the evidence of both parties only warranted a verdict of acquittal or of guilty of the offense of robbery. We do not believe that the instructions trans-

mitted to the jury·impaired the substantial rights of defendant, wherefore the first· assignment of error should be dismissed.

■ ·The second error is without merit. It rests on the false premise that there is no direct evidence in the record of the taking of the wallet by defendant, and, therefore, that the jury should have been instructed on circumstantial evidence. Our holding in *People* v. *Saavedra*, 42 P.R.R. 352 (1931), and *People* v. *Crespo*, 21 P.R.R. 285 (1914), was that the best practice is to instruct the jury on circumstantial evidence in all cases in which the evidence as a whole, or even in part, is of such character, and we have already seen that the evidence on the taking of the wallet presented in this case was direct evidence.

■ What we said in considering the first error disposes of the third assignment. There was no violation in this case of Rule 147 of the Rules of Criminal Procedure invoked by appellant since, as we have decided, instructions on other lesser offenses included in that of robbery were not proper.

■ Appellant discusses jointly the fourth and fifth errors. The general instructions were submitted to the jury in writing at the request of the district attorney and of the defense. Appellant complains that the judge did not ascertain whether the gentlemen of the jury read those instructions. In the absence of a showing of any abnormality or that the written instructions were erroneous, we shall not consider further those errors.

■ The sixth error was not committed either. The district attorney announced that his theory would arise from the evidence. Defendant did not object. Assuming that Rule 128 of the Rules of Criminal Procedure requires the district attorney to state the theory of The People,·defendant could not raise the question for ·the first time on appeal ·except

upon a showing, which has not been done in this case, that the omission of the theory of The People impaired his substantial rights. *People* v. *Santiago,* 78 P.R.R. 64, 68 (1955).

The seventh assignment challenges the sufficiency of the evidence. The evidence in the record is sufficient to sustain the jury's verdict.

Appellant maintains in the eighth and last error that the judgment is void because he did not have due assistance of counsel.

██ ██ We cannot label as inadequate the assistance of counsel of defendant. The fact that the defense waived oral instructions without a showing that it prejudiced the defendant, and likewise the fact that special instructions on lesser offenses included in that of robbery were not requested, which we have held were not proper, and which are the only assignments made by appellant, do not warrant the contention of lack of assistance of counsel. On the other hand, the mistakes or errors of the defense counsel cannot be invoked on appeal as ground for reversal, in the absence of bad faith, fraud, physical and mental incapacity, or of clear, inexcusable and gross professional incompetency of the counsel at the trial. *Marrero Laffosse* v. *Marshal, Superior Court,* 89 P.R.R. 553 (1963); *People* v. *Díaz,* 87 P.R.R. 656 (1963); and *People* v. *Torres,* 81 P.R.R. 659 (1960). The record does not show that this is a case in which the mistakes or errors of the defense attorney at the trial may be invoked as a ground for reversal of the judgment.

The judgment on appeal will be affirmed.